**IN THE SUPERIOR COURT OF GUAM** 2012 JUL 27 PM 2: 58

DATA MANAGEMENT RESOURCES, LLC., 

          Petitioner,

v.

OFFICE OF PUBLIC ACCOUNTABILITY,

          Respondent.

GUAM DEPARTMENT OF EDUCATION,

          Real Party-In-Interest.

SPECIAL PROCEEDINGS NO. SP0107-11

**DECISION & ORDER**

This matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON, Senior Judge Pro Tempore, on the May 30th, 2012, on Petitioner's Memorandum of Points and Authorities in Support of Award of Attorney's Fees. The Petitioner, Data Management Resources, LLC. (hereinafter "DMR") was represented by attorney Jacqueline Taitano Terlaje. The Respondent, Office of Public Accountability (hereinafter "OPA"), represented by attorney Anthony C. Camacho. The Real Party-In-Interest, Guam Department of Education (hereinafter "GDOE") is represented by Attorney Rebecca Perez. On March 29th the Court issued Findings of Fact and Conclusions of Law reversing the OPA's decision denying DMR's bid protest, and ordered GDOE to proceed with an award on IFB-125-2011, reserving on the issue of attorney fees. The Court invited briefs on the issue of attorney fees, and heard arguments on May 30, 2012. The Court now issues its decision on attorney fees

## DISCUSSION

The Petitioner requests the Court to award attorney's fees in the amount of seven thousand, five hundred and 00/100 dollars ($7,500.00) in their Memorandum of Points and Authorities in Support of Award of Attorney's Fees. The Petitioner moves for the awarded costs of six hundred thirty-four and 42/100 ($635.42) pursuant to 5 G.C.A. §5425(h).

The Real Party-In-Interest asserts that there is no basis for award of attorney's fees to Petitioner. In the event the Court determines that Petitioner is entitled to an award of attorney's fees, GDOE submits that the Respondent Office of Public Accountability is the party responsible for the payment of such fees. The Respondent also requests the Court to deny Petitioner's claim for attorney fees and costs. OPA submits no statute supports DMR's request for an award of attorney fees in this matter. In the event the Court decides to award attorney fees, GDOE is the proper party to pay such an award.

OPA and GDOE assert that the Supreme Court of Guam has clearly embraced the American rule regarding attorney's fees. Under the American Rule, attorney's fees are generally not recoverable unless authorized by statute, contract, or under equitable circumstances. Fleming v. Quigley, 2003 Guam 4, ¶ 13 and ¶ 20 (Supreme Court of Guam). There is no contract wherein the parties agreed to pay the prevailing party's attorney's fees, and the equitable exceptions to the American rule are inapplicable in this matter. Petitioner submits attorney fees should be awarded on a statutory basis pursuant to 5 G.C.A. § 5425(h), which states:

> Entitlement to Costs. In addition to any other relief or remedy granted under Subsection (c) or (e) of this Section or under Subsection (a) of §5480 of this Chapter, including the remedies provided by Part B of Article (of this Chapter, when a protest is sustained, the protestant shall be entitled to the reasonable costs incurred in connection with the solicitation and protect, including bid preparation costs, *excluding attorney's fees*, if:
>
> (1) The protestant should have been awarded the contract under the solicitation but was not; or
> (2) There is a reasonable likelihood that the protestant may have been awarded the contract but for the breach of any ethical obligation imposed by Part B of A Article 11 of this Chapter or the willful or reckless violation of any applicable procurement law or regulation. The Public Auditor shall have the power to assess reasonable costs including reasonable attorney fees incurred by the government, including its autonomous agencies and public corporations, against a protestant upon its finding that the protect was made fraudulently, frivolously or solely to disrupt the procurement process.

The Petitioner cites 5 GCA §5425(h) which provides an award of costs, and exclusion of attorney's fees if specific circumstances exist. The statute states a protestant shall be entitled to costs if the protestant should have been awarded the contract under the solicitation or there is a reasonable likelihood that the protestant may have been awarded the contract but for the breach of any ethical obligation imposed. DMR argues by not meeting the specific circumstances which exclude an award of attorney fees, it should be awarded attorney's fees by inverse interpretation.

The Real Party-In-Interest asserts there is no authority to award attorney fees to DMR. The statute is only clear in when allowing the award of reasonable costs, excluding attorney's fees, to any party for its protest or appeal is proper. The Court finds that DMR does not even qualify for an award of reasonable costs under 5 G.C.A. § 5425(h)(1) or (2). Furthermore, abiding by the American Rule, there is no statute, contract or equitable circumstances that allow for the award of attorney's fees to DMR. Rather this statute specifically disallows such action.

Respondent urges the Court to abide by the plain language of the statute. The statute clearly and unambiguously states, that a protestor's attorney fees are excluded from the reasonable costs authorized by the statute. The statute's reference to "Subsection (a) of §5480 of this Chapter, refers to 5 G.C.A. §5480(a), gives the Superior Court of Guam jurisdiction over actions between the Government of Guam and bidders, offerors, or contractors, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions of the solicitation. The Court has the authority of judicial review and is not authorized to award attorney's fees. The plain language of 5 G.C.A. §5425(h) is clear that DOE, the Public Auditor, and this Court are not authorized to award DMR its attorney fees as part of DMR's reasonable costs.

Respondent submits the underlying policy of the statute is to limit the award of reasonable costs and reduce the financial burden of the government. This policy would be defeated if the Court were to broaden the class of protestors entitled to award to those who should not have been awarded the contract and to allow such protestors their attorney fees.

Petitioner cites Guam cases such as *Appeal of the Pacific Data Systems* and *Appeal of Jeoten Development* to support an award for attorney's fees; wherein the protestant did meet the requirements of 5 GCA §5425(h). The instant case is distinguishable in that DMR did not meet either standard specified in the statute. It is not the role of the Courts to construct statutes, if the Guam legislature intended to award attorney's fees, then it would have written a statute which reflected such an intention.

The Court finds Petitioner's logic to be faulty. Although DMR did not reach the requirements for reasonable costs incurred, excluding attorney's fees; a lack of such prerequisites does not inversely mean the entitlement of attorney's fees. A plain reading of 5 GCA §5425(h) is to authorize the award of reasonable costs in either two situations.

**CONCLUSION**

**ACCORDINGLY,** the Court denies the Petitioners request for an award in attorney's fees.

**JUL 27 2012**

IT IS SO ORDERED on this _____ day of July, 2012.

_____
**HONORABLE ELIZABETH BARRETT-ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 2 7 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam